UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LUCY RODRIGUEZ-RIVERA,

                                        Plaintiff,

                    -against-

CITY OF NEW YORK, et al.,

                                        Defendants.

------------------------------------------------------------------- x

**ANSWER TO THE
AMENDED COMPLAINT**

05 Civ. 10897 (LAP)

Defendants,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the

City of New York, for its Answer to the Amended Complaint, respectfully allege as follows:

1.      Deny the allegations set forth in paragraph "1" of the Amended

Complaint, except admit that plaintiff purports to proceed as set forth therein.

2.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "2" of the Amended Complaint.

3.      Admit the allegations set forth in the paragraph "3" of the Amended

Complaint.

4.      Deny the allegations set forth in paragraph "4" of the Amended

Complaint, except admit the New York City Board of Education (also know as the New York

City Department of Education)("DOE") maintains offices within the City of New York and

respectfully refers the Court to N.Y. Education Law § 2590-g for a description of the powers and

duties of the DOE.

5.      Deny the allegations set forth in paragraph "5" of the Amended

Complaint, except admit that Donna Raskin was formerly employed by the BOE.

---

[1] This Office has been unable to contact Diane Armenakis, who is no longer an employee of the New York City
Department of Education and does not represent her at this time.

6.     Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that Maria Quinones is employed by the BOE.

7.     Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that Mark Coleman is employed by the BOE.

8.     Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that Mary Ellen Johnson is employed by the BOE.

9.     Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that Diane Armenakis was formerly employed by the BOE.

10.     Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that Irma Zardoya was formerly employed by the BOE.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Amended Complaint, except admit that the United Federation of Teachers ("UFT") is the collective bargaining agent for certain employees of the DOE, including, but not limited to teachers.

12.     Deny the allegations set forth in paragraph "12" of the Amended Complaint, except admit that plaintiff commenced employment with the BOE on September 11, 1981 and that on September 5, 2000, plaintiff was assigned as a guidance counselor to M.S. 391 in the Bronx.

13.     Deny the allegations set forth in paragraph "13" of the Amended Complaint, except admit that plaintiff is a tenured employee of the BOE.

14.     Deny the allegations set forth in paragraph "14" of the Amended Complaint, and respectfully refer the Court to the applicable collective bargaining agreement for a complete and accurate statement of its contents.

15.     Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16.     In response to the allegations set forth in paragraph "16" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-15" inclusive of their answer, as if fully set forth herein.

17.     Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Amended Complaint, and respectfully refer the Court to the applicable collective bargaining agreement and Regulations for a complete and accurate statement of their contents.

19.     Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that plaintiff filed Step I and Step II grievances.

20.     Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Amended Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Amended Complaint, and respectfully refer the Court to the Regulations and Exhibits cited in paragraph "24" of the Amended Complaint for a complete and accurate statement of their contents.

25.    Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26.    Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint and respectfully refer the Court to the Exhibit cited for a complete and accurate statement of its contents.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint.

29.    Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30.    Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31.    Deny the allegations set forth in paragraph "31" of the Amended Complaint, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

32.    Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33.    Deny the allegations set forth in paragraph "33" of the Amended Complaint.

34.    Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Amended Complaint, and respectfully refer the Court to the exhibits cited to therein for a complete and accurate statement of their contents.

38.     Deny the allegations set forth in paragraph "38 of the Amended Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

40.     Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

42.     Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Amended Complaint, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

44.     Deny the allegations set forth in paragraph "44" of the Amended Complaint, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

45.     Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Amended Complaint, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

47.     Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Amended Complaint, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

49.     Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Amended Complaint but deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Amended Complaint concerning plaintiff's beliefs.

52.     Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Amended Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Amended Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Amended Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Amended Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Amended Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Amended Complaint.

60.     In response to the allegations set forth in paragraph "60" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-59" inclusive of their answer, as if fully set forth herein.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Amended Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Amended Complaint, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Amended Complaint, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Amended Complaint, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Amended Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Amended Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Amended Complaint.

68.     In response to the allegations set forth in paragraph "68" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-67" inclusive of their answer, as if fully set forth herein.

69.     Deny the allegations set forth in paragraph "69" of the Amended Complaint, except admit that plaintiff was suspended without pay pending internal disciplinary charges concerning her excessive absences and insubordination, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

70.     Deny the allegations set forth in paragraph "70" of the Amended Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Amended Complaint.

72.    Deny the allegations set forth in paragraph "72" of the Amended Complaint.

73.    Deny the allegations set forth in paragraph "73" of the Amended Complaint.

74.    Deny the allegations set forth in paragraph "74" of the Amended Complaint.

75.    In response to the allegations set forth in paragraph "75" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-74" inclusive of their answer, as if fully set forth herein.

76.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Amended Complaint, except admit that disciplinary charges have been preferred against plaintiff for excessive absences and insubordination, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

77.    Deny the allegations set forth in paragraph "77" of the Amended Complaint, except admit that a hearing is currently pending with respect to the disciplinary charges preferred against plaintiff.

78.    Deny the allegations set forth in paragraph "78" of the Amended Complaint.

79.    Deny the allegations set forth in paragraph "79" of the Amended Complaint.

80.    Deny the allegations set forth in paragraph "80" of the Amended Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Amended Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Amended Complaint.

83.     In response to the allegations set forth in paragraph "83" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-82" inclusive of their answer, as if fully set forth herein.

84.     Deny the allegations set forth in paragraph "82" of the Amended Complaint, except admit that plaintiff has been assigned to the Regional Operations Center ("ROC") during the pendency of the hearing concerning the disciplinary charges preferred against plaintiff, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

85.     Deny the allegations set forth in paragraph "85" of the Amended Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Amended Complaint, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

87.     Deny the allegations set forth in paragraph "87" of the Amended Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of their contents.

89.    Deny the allegations set forth in paragraph "89" of the Amended Complaint.

90.    Deny the allegations set forth in paragraph "90" of the Amended Complaint.

91.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the Amended Complaint concerning what plaintiff feels.

92.    Deny the allegations set forth in paragraph "92" of the Amended Complaint.

93.    Deny the allegations set forth in paragraph "93" of the Amended Complaint.

94.    Deny the allegations set forth in paragraph "94" of the Amended Complaint.

95.    Deny the allegations set forth in paragraph "95" of the Amended Complaint.

96.    Deny the allegations set forth in paragraph "96" of the Amended Complaint.

97.    In response to the allegations set forth in paragraph "97" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-96" inclusive of their answer, as if fully set forth herein.

98.    Deny the allegations set forth in paragraph "98" of the Amended Complaint.

99.     Deny the allegations set forth in paragraph "99" of the Amended Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Amended Complaint.

101.    In response to the allegations set forth in paragraph "101" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-100" inclusive of their answer, as if fully set forth herein.

102.    Deny the allegations set forth in paragraph "102" of the Amended Complaint.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Amended Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Amended Complaint, except admit that in October, 1999, plaintiff was granted the accommodation of working in a building with an elevator.

105.    Deny the allegations set forth in paragraph "105" of the Amended Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Amended Complaint, except admit that in October, 1999, plaintiff was granted the accommodation of working in a building with an elevator, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Amended Complaint.

108.   Deny the allegations set forth in paragraph "108" of the Amended Complaint, except admit that plaintiff received her accommodation to work in a building with elevator access.

109.   Deny the allegations set forth in paragraph "109" of the Amended Complaint.

110.   Deny the allegations set forth in paragraph "110" of the Amended Complaint.

111.   Deny the allegations set forth in paragraph "111" of the Amended Complaint.

112.   Deny the allegations set forth in paragraph "112" of the Amended Complaint, except admit that plaintiff was inadvertently assigned to 501 Courtlandt Avenue in November 2004, and then reassigned back to the ROC, which has elevator access.

113.   Deny the allegations set forth in paragraph "113" of the Amended Complaint, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

114.   Deny the allegations set forth in paragraph "114" of the Amended Complaint, except admit that plaintiff's assignment to Courtlandt Street was inadvertent and rectified upon notification that she was to be accommodated with an assignment to a building that has elevator access.

115.   Deny the allegations set forth in paragraph "115" of the Amended Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Amended Complaint, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

117.    Deny the allegations set forth in paragraph "117" of the Amended Complaint, except admit that plaintiff filed a charge of discrimination with the New York State Division of Human Rights, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

118.    Deny the allegations set forth in paragraph "118" of the Amended Complaint, except admit that plaintiff failed to notify the appropriate officials of her accommodation for elevator access, and upon becoming aware of such accommodation, plaintiff was reassigned to a building with elevator access, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of their contents.

119.    Deny the allegations set forth in paragraph "119" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of their contents.

120.    Admit the allegations set forth in paragraph "120" of the Amended Complaint.

121.    Deny the allegations set forth in paragraph "121" of the Amended Complaint.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Amended Complaint, and upon becoming aware of such accommodation, plaintiff was reassigned to a building with elevator access, and

respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of their contents.

123.   Deny the allegations set forth in paragraph "123" of the Amended Complaint.

124.   Deny the allegations set forth in paragraph "124" of the Amended Complaint.

125.   Deny the allegations set forth in paragraph "125" of the Amended Complaint.

126.   Deny the allegations set forth in paragraph "126" of the Amended Complaint.

127.   Deny the allegations set forth in paragraph "127" of the Amended Complaint.

128.   In response to the allegations set forth in paragraph "128" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-127" inclusive of their answer, as if fully set forth herein.

129.   Deny the allegations set forth in paragraph "129" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to for a complete and accurate statement of its contents.

130.   Deny the allegations set forth in paragraph "130" of the Amended Complaint, except deny knowledge or information of the allegations set forth in paragraph "130" of what plaintiff suffered.

131.   Deny the allegations set forth in paragraph "131" of the Amended Complaint.

- 15 -

132.    Deny the allegations set forth in paragraph "132" of the Amended Complaint.

133.    Deny the allegations set forth in paragraph "133" of the Amended Complaint.

134.    Deny the allegations set forth in paragraph "134" of the Amended Complaint.

135.    Deny the allegations set forth in paragraph "135" of the Amended Complaint, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

137.    Deny the allegations set forth in paragraph "137" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

138.    Deny the allegations set forth in paragraph "138" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the Amended Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Amended Complaint.

141.   Deny the allegations set forth in paragraph "141" of the Amended Complaint.

142.   In response to the allegations set forth in paragraph "142" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-141" inclusive of their answer, as if fully set forth herein.

143.   Deny the allegations set forth in paragraph "143" of the Amended Complaint, except admit that BOE submitted a position statement in response to plaintiff's State Division charges of discrimination, and respectfully refer the Court to the Exhibits cited to therein for a complete and accurate statement of their contents.

144.   Deny the allegations set forth in paragraph "144" of the Amended Complaint, and respectfully refer the Court to plaintiff's charges of discrimination for a complete and accurate statement of their contents.

145.   Deny the allegations set forth in paragraph "145" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

146.   Deny the allegations set forth in paragraph "146" of the Amended Complaint.

147.   Deny the allegations set forth in paragraph "147" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

148.   Deny the allegations set forth in paragraph "148" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

149.   Deny the allegations set forth in paragraph "149" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

150.   Deny the allegations set forth in paragraph "150" of the Amended Complaint.

151.   Deny the allegations set forth in paragraph "151" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

152.   Deny the allegations set forth in paragraph "152" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

153.   Deny the allegations set forth in paragraph "153" of the Amended Complaint.

154.   Deny the allegations set forth in paragraph "154" of the Amended Complaint.

155.   Deny the allegations set forth in paragraph "155" of the Amended Complaint.

156.   Deny the allegations set forth in paragraph "156" of the Amended Complaint.

157.   Deny the allegations set forth in paragraph "157" of the Amended Complaint.

158.   In response to the allegations set forth in paragraph "158" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-157" inclusive of their answer, as if fully set forth herein.

159.   Deny the allegations set forth in paragraph "159" of the Amended Complaint.

160.   Deny the allegations set forth in paragraph "160" of the Amended Complaint.

161.   In response to the allegations set forth in paragraph "161" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-160" inclusive of their answer, as if fully set forth herein.

162.   Deny the allegations set forth in paragraph "162" of the Amended Complaint, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

163.   Deny the allegations set forth in paragraph "163" of the Amended Complaint.

164.   Deny the allegations set forth in paragraph "164" of the Amended Complaint.

165.   Deny the allegations set forth in paragraph "165" of the Amended Complaint.

166.   In response to the allegations set forth in paragraph "166" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-165" inclusive of their answer, as if fully set forth herein.

167.    Deny the allegations set forth in paragraph "167" of the Amended Complaint, and respectfully refer the Court to the statute cited to therein for a complete and accurate statement of its contents.[2]

168.    There is no paragraph "168" of the Amended Complaint.

169.    There is no paragraph "169" of the Amended Complaint.

170.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "170" of the Amended Complaint.

171.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the Amended Complaint.

172.    Deny of the allegations set forth in paragraph "172" of the Amended Complaint, and respectfully refer the Court to the statute cited to therein for a complete and accurate statement of its contents.

173.    Deny of the allegations set forth in paragraph "173" of the Amended Complaint, except admit that BOE has preferred disciplinary charges against plaintiff, and respectfully refer the Court to the Exhibit cited to therein for a complete and accurate statement of its contents.

174.    Deny of the allegations set forth in paragraph "174" of the Amended Complaint.

175.    Deny of the allegations set forth in paragraph "175" of the Amended Complaint.

176.    Deny of the allegations set forth in paragraph "176" of the Amended Complaint.

---

[2] It is noted that the Amended Complaint has no paragraphs labeled numbers 168 and 169.

177.    Deny of the allegations set forth in paragraph "177" of the Amended Complaint.

178.    Deny of the allegations set forth in paragraph "178" of the Amended Complaint.

179.    Deny of the allegations set forth in paragraph "179" of the Amended Complaint.

180.    Deny of the allegations set forth in paragraph "180" of the Amended Complaint.

## FOR A FIRST DEFENSE:

181.    The Amended Complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND DEFENSE:

182.    Some or all of plaintiff's claims are barred by the statute of limitations.

## FOR A THIRD DEFENSE:

183.    This action is barred, in whole or in part, by plaintiff failure to perform all the conditions precedent to filing this lawsuit.

## FOR A FOURTH DEFENSE:

184.    This action is barred, in whole and in part, by plaintiff's own culpable and negligent conduct.

## FOR A FIFTH DEFENSE:

185.    At all times relevant to the acts alleged in the Amended Complaint, defendants' conduct was reasonable, proper, lawful, constitutional, made in good faith for nondiscriminatory, legitimate, business reasons, and without malice and/or without willful intent to violate any applicable law, rule or regulation.

## FOR A SIXTH DEFENSE:

186.    This action is barred, in whole and in part, by the doctrines of election of remedies, res judicata or collateral estoppel, or any combination of these doctrines.

## FOR A SEVENTH DEFENSE:

187.    Upon information and belief, plaintiff has failed to mitigate her damages.

**WHEREFORE,** defendants respectfully request that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            July 24, 2006

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-144
New York, New York 10007
(212) 788-0895

By:      _____
         Rippi Gill (RG 5338)
         Assistant Corporation Counsel

- 22 -

## CERTIFICATE OF SERVICE

I hereby certify that, on July 24, 2006, I caused a true and correct copy of the

foregoing DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT to be served by

ECF and regular mail on the following:

Leopold Kaplan, Esq.
Law Office of Leopold Kaplan, Esq.
Attorneys for Plaintiff
250 East 57th Street, Suite 2530
New York, NY 10107
(212) 956-7700

Angela Pace, Esq.
Attorney for Co-defendant United Federation of Teachers

Dated:      New York, New York
            July 24, 2005

_____
Rippi Gill (RG 5338)
Assistant Corporation Counsel

- 23 -

Civil Action No. 05 Civ. 10897 (LAP)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUCY RODRIGUEZ-RIVERA,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.

---

**DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

---

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Rm 2-144*
*New York, N.Y. 10007*

*Of Counsel: Rippi Gill*
*Tel: (212) 788-0895*
*NYCLIS No. 06LE000144*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................ , 200 . . .*

*............................................................................... Esq.*

*Attorney for ................... ..............................................*

---