UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
LUCY RODRIGUEZ-RIVERA,                :

        Plaintiff,              :        05 Civ. 10897 (LAP)

      -against-                         :        MEMORANDUM AND ORDER

CITY OF NEW YORK, NEW YORK CITY       :
DEPARTMENT OF EDUCATION, DONNA
RASKIN, DAVID BRODSKY, MARIA          :
QUINONES, MARK COLEMAN, MARY ELLEN    :
JOHNSON, DIANE ARMENAKIS, IRMA
ZADOYA, and the UNITED FEDERATION     :
OF TEACHERS,
                                    :
        Defendants.             :
---------------------------------x

LORETTA A. PRESKA, U.S.D.J.

    Lucy Rodriguez-Rivera ("Plaintiff"), brought the above-captioned action seeking specific performance, damages, and costs, to correct a host of violations of Federal and State law allegedly committed against her.  Defendant United Federation of Teachers ("UFT") now moves to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  For the following reasons, the motion is granted.

## BACKGROUND[1]

Plaintiff has been an employee of the New York City Department of Education ("Dept. of Ed.") since 1981, and a licensed guidance counselor since 1991. (Am. Compl. ¶ 12).[2] Plaintiff was granted tenure in 1991. (Am. Compl. ¶ 13). Plaintiff is a member of the UFT, a union which represents teachers and "pupil personnel staff" of the Dept. of Ed. (Am. Compl. ¶ 11). Plaintiff's employment contract is governed by the Collective Bargaining Agreement ("CBA") between the UFT and the Dept. of Ed. (Am. Compl. ¶ 14).

Plaintiff asserts that the UFT breached its contract with her "by failing to represent and advocate for [her]" in her grievances against the Dept. of Ed. or assist her in obtaining a hearing, which has resulted in damage to her career and personal injury. (Am. Compl. ¶¶ 16-67). Plaintiff claims that the UFT's "deliberate . . . disregard for [her] constitutional rights" deprived her of "the freedom to . . . practice her profession"

---

[1] While not a model of clarity or brevity, Plaintiff's Amended Complaint is read liberally in accordance with the standard of notice pleading under Rule 8(a). Thus, unless the Amended Complaint explicitly indicates otherwise, wherever Plaintiff alleges acts or omissions by "Defendants," the Court will assume that the UFT is included as an actor.

[2] "Am. Compl." refers to the Amended Complaint filed by Plaintiff on April 25, 2006.

and has caused her to be denied a summer position to which she was entitled. (Am. Compl. ¶¶ 68-74, 161-165).

Plaintiff also alleges that the UFT failed to schedule "administrative hearings regarding . . . alleg[ations of] misconduct" that have been made against her and that the UFT thereby "acted in concert" with the other Defendants and denied Plaintiff due process. (Am. Compl. ¶¶ 75-82).

Plaintiff claims that she is disabled and that the UFT failed to provide legally required accommodations, e.g., a workplace in which she would not have to climb stairs, and that this "caused [her] to suffer an angina attack and other physical manifestations of cardiac stress, emotional distress, exacerbation of [her] fibromylgia and anxiety and fear for her physical safety." (Am. Compl. ¶¶ 101-127). Plaintiff alleges that the acts and omissions of the UFT which resulted in her angina attack were intentional and tortious.
(Am. Compl. ¶¶ 128-141).

Plaintiff asserts the UFT's acts and omissions have resulted in her confinement to a "lounge sofa next to a plastic potted tree" for the duration of her workday, where she has been made to sit without assignments, which has resulted in her embarrassment and ostracism. (Am. Compl. ¶¶ 83-90). Plaintiff claims that the UFT bears responsibility for the condition that

said lounge sofa is not in compliance with her disability's requirement of padded seating and that this has caused Plaintiff's condition "to become worsened, aggravated, and exacerbated, requiring medical attention and increases in her pharmacological routine." (Am. Compl. ¶¶ 158-160). Plaintiff complains that "no other similarly situated persons have been subjected to the same conditions or confinement to a lounge sofa," and thus that her treatment is, "discriminatory," "retaliatory," and "damag[ing] to her professional career and reputation." (Am. Compl. ¶¶ 91-96).

Plaintiff asserts the UFT has defamed her and caused her to be defamed by the Dept. of Ed. through the filing of falsely critical employee evaluations, position papers, and other letters "submit[ted] for the reading and review of persons outside the City and Department of Education," and made a part of her personnel file, thereby intentionally inflicting emotional distress. (Am. Compl. ¶¶ 97-100, 142-157).

According to Plaintiff, this series of acts and omissions by the UFT violate the terms of the CBA, the UFT's duty of fair representation, the Fourteenth Amendment of the U.S. Constitution, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., the Rehabilitation Act, 29 U.S.C. § 701 et seq., 42 U.S.C. § 1983, N.Y. Executive Law, N.Y.

Education Law, N.Y. Labor Law, and certain regulations promulgated by the Chancellor of the Dept. of Ed. (Am. Compl. ¶ 1). Plaintiff seeks various forms of specific performance, including a raise, a promotion from the position she held prior to her suspension, and the removal of unsatisfactory letters from her employment file. Plaintiff also seeks damages in excess of $39 million and costs, including attorney's fees. (Am. Compl. at 34, 35).

## DISCUSSION

1. Legal Standard for Dismissal

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). A Plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Luckett v. Bure, 290 F.3d 493, 496 (2d Cir. 2002). Jurisdictional allegations must be shown affirmatively and may not be inferred favorably to the party asserting them. See In re. Nat. Australia Bank Secs. Litig., No. 03 Civ. 6537, 2006 WL 3844465, at *2 (S.D.N.Y. Oct. 25, 2006) (citing Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the factual allegations made in the Complaint as true and draws all inferences in favor of the non-moving party. See Karedes v. Ackerly Group, Inc., 423 F.3d 107, 113 (2d Cir. 2005). It is well-settled that "[a] case should not be dismissed unless the court is satisfied that the complaint cannot state any set of facts that would entitle the plaintiff to relief." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2002) (citing Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001)). The Court, however, need not give "'credence to plaintiff's conclusory allegations'" or legal conclusions offered as pleadings. Cantor Fitzgerald v. Lutnick, 313 F.3d 704, 709 (2d Cir. 2002) (quoting Dawes v. Walker, 239 F.3d 489, 491 (2d Cir. 2001)); Van Carpals v. S.S. Am. Harvester, 297 F.2d 9, 11 n.1 (2d Cir. 1961) (Friendly, J.) ("[I]n federal pleading there is no need to plead legal conclusions; these are for the court to apply.").

2. Application to UFT's Motion To Dismiss

Section 1983 of Title 42 applies to persons acting "under color" of state law and state actors. The UFT could be liable to Plaintiff under Section 1983 if the union or its

representatives conspired with a state official to deprive her of a constitutional right. See Dennis v. Sparks, 449 U.S. 24, 27 (1980) (holding that for purposes of Section 1983 a union is not a state actor unless "it is a willful participant in joint action with the State or its agents"); see also Laboy v. Seabrook, No. 96 Civ. 2359, 1996 WL 417523 *2 (S.D.N.Y. July 25, 1996) ("[A]s a private entity, a union does not act under color of state law for purposes of Section 1983 unless the state is somehow implicated in the union's actions.").

Plaintiff conclusorily alleges that the UFT "acted in concert" with the Dept. of Ed. (Am. Compl. ¶ 79). However, she nowhere alleges facts that would suggest that her mistreatment was the result of a conspiracy or agreement between the UFT and the Dept. of Ed. This is insufficient as a matter of law to support her Section 1983 claims. See Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) ("A mere conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."). Thus, the Court has no subject matter jurisdiction over Plaintiff's Section 1983 cause of action against the UFT.

Several of Plaintiff's claims are predicated on an alleged breach by the UFT of its duty of fair representation. The

question of whether the UFT breached its duty of fair representation is beyond the subject matter jurisdiction of this Court. "[A] union's duty of fair representation is implied from § 9(a) of the NLRA, 29 U.S.C. § 159(a)." White v. White Rose Food, 128 F.3d 110, 113-114 (2d Cir. 1997). The National Labor Relations Act ("NLRA") and the Labor-Management Relations Act ("LMRA"), which governs the CBA, exclude States and their political subdivisions, such as the Dept. of Ed., from their coverage. The LMRA, in 29 U.S.C. § 142(3), incorporates the definition of "employer" from the NLRA. "The term 'employer' . . . shall not include the United States . . . or any State or political subdivision thereof." 29 U.S.C. § 152(2). See also Police Dep't v. Mosely, 408 U.S. 92 (1978); Int'l Ass'n of Machinists and Aerospace Workers v. Tennessee, 108 F.3d 658, 663 (6th Cir. 1997) (holding that a federal corporation could not be sued for breach of duty of fair representation under the NLRA or LMRA because of specific exemptions contained in those statutes). Thus, the Court has no subject matter jurisdiction over Plaintiff's duty of fair representation claims.

Plaintiff also alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act ("RA"), 29 U.S.C. § 701 et seq.³ However,

---

³ It is possible that Plaintiff intended no federal cause of action against the UFT whatsoever, as Plaintiff (continued)

Plaintiff alleges no facts that would support these claims. Plaintiff asserts that she is disabled and that she has not received accommodations to which she is entitled but Plaintiff never alleges that the UFT is responsible for providing these accommodations. Thus, Plaintiff fails to state a claim under the ADA or the RA.

Plaintiff's remaining claims against the UFT arise under New York statutory and common law. Plaintiff asks the Court to exercise jurisdiction over these claims pursuant to 28 U.S.C. § 1367. (Pl. Aff. ¶ 13).[4] "[T]he district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction." Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). "[T]he balance of factors to be considered under the pendant jurisdiction doctrine [are] judicial economy, convenience, fairness, and comity." Volmar v. North Shore Hosp., No. 06 Civ. 1044, 2007 WL 495177, at *2 (2d Cir. Feb. 13, 2007) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). Considering

---

(continued) states that the "UFT is a supplemental claim." (Plaintiff's Affirmation in Opposition to UFT's Motion to Dismiss ¶ 11). Nevertheless, for the sake of thoroughness, the Court will address the sufficiency of Plaintiff's allegations as to these claims.

[4] "Pl. Aff." refers to Plaintiff's Affirmation in Opposition to UFT's Motion to Dismiss filed Sept. 7, 2006.

this balance of factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

For the reasons set forth above, the UFT's motion to dismiss [dkt. no. 12] is granted.

SO ORDERED:

DATED:   March 12, 2007
         New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.